OPINION
 "STATEMENT OF THE ASSIGNMENTS OF ERROR
 "ERROR #1. THE LOWER COURT REVERSIBLY ERRED, BY ABUSING ITS DISCRETION TO THE HARMFUL PREJUDICE OF THE APPELLANT NATURAL MOTHER, WHEN SAID COURT OVERRULED APPELLANT'S OBJECTION TO THE APPELLEE AGENCY'S INTRODUCTION OF APPELLANT'S JUVENILE RECORDS, THEREBY DENYING THE APPELLANT A FAIR AND IMPARTIAL HEARING, AND SO DENYING THE APPELLANT DUE PROCESS OF LAW, AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
 "ERROR #2. THE LOWER COURT REVERSIBLY ERRED, BY ABUSING ITS DISCRETION TO THE HARMFUL PREJUDICE OF THE APPELLANT NATURAL MOTHER, WHEN SAID COURT OVERRULED THE APPELLANT'S OBJECTION ON HEARSAY GROUNDS, TO THE APPELLEE AGENCY'S INTRODUCTION OF INADMISSIBLE HEARSAY EVIDENCE, THEREBY DENYING THE APPELLANT A FAIR AND IMPARTIAL HEARING WITH DUE PROCESS OF LAW, BY VIOLATING EVID.R. 802, AND BY VIOLATING THE APPELLANT'S FUNDAMENTAL RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES."
Appellant's daughter, Aarika, was born on November 30, 1995. Temporary custody was ordered to be given to the Sandusky County Department of Human Services by the court on February 6, 1996. Following a dispositional hearing in May 1997, the court found that it would be in Aarika's best interest to be placed in the custody of the Sandusky County Department of Human Services.
In her first assignment of error, appellant argues that the trial court erred when it admitted her juvenile record into evidence without any relevancy foundation and without prior warning. The court permitted appellant's juvenile record to be used to prove that appellant's behavior that caused her problems as a juvenile continued into adulthood and prevented her from appropriately parenting a child (i.e., a pattern of conduct). The court accepted the juvenile record for this purpose, noting that it would be cautious when determining the weight to be given such evidence.
The admissibility of a parent's juvenile record is limited only by the Evidence Rules, except that it cannot be used to impeach the credibility of the child in any action or proceeding. R.C. 2151.358(H) and Evid.R. 609(D). Thus, the admissibility of the record to prove a pattern of behavior is left to the discretion of the trial court as a relevancy determination under Evid.Rs. 401-403.
The court used the juvenile record in this case solely to conclude that appellant's unlawful conduct exhibited earlier in life continued until she was released from the custody of the agency just prior to attaining age eighteen. This conclusion is of little relevance since approximately eight months passed from that date until the date of the hearing and there were no factual findings as to appellant's conduct during that time. Upon a review of the evidence, however, and the court's decision, we conclude that the trial court did not abuse it discretion in this case. Appellant's first assignment of error is not well-taken.
In her second assignment of error, appellant argues that the trial court erred by admitting the hearsay evidence of Christina Eby, co-director of the Village House (a facility which supervises visits between legally-separated children and parents) as to the observations of her staff during appellant's visitations.
Some courts contend that hearsay evidence is inadmissible in a hearing to determine whether parental rights should be terminated. In Re Sims (1983), 13 Ohio App.3d 37,40-41, and In the Matter of: Fleming (July 22, 1993), Cuyahoga App. No. 63911, unreported. Other courts disagree. See In theMatter of Deehan (Sept. 19, 1995), Franklin App. No. 95APF03-304, unreported. We need not decide this issue, however, because even if hearsay is inadmissible in such a proceeding, the Village House records in this case are business records and, therefore, fall within an exception to the hearsay rule. Evid.R. 803(6) provides as follows:
 (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
In the case before us, Eby testified that the Village House records were prepared by employees each time a visit is supervised, canceled, or there is a failure of the parent to appear. The employees also prepare case notes indicating any conversation between the parties outside of visitation. Thus, there was proof that these reports were made at the time of each visitation by a person with knowledge. The Village House is a business created solely for the purpose of facilitating visitation between separated parents and children.
We conclude that the Village House reports are business records and are excluded from the hearsay rule. Therefore, appellant's second assignment of error is not well-taken.
Having found that the court did not commit error prejudicial to appellant, the judgement of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.